Joseph MORRIS et al., Plaintiffs, Appellees,

v.

John R. AFFLECK, Director, etc., et al., Defendants,

Herbert F. DeSimone, Appellant.

No. 7710.

United States Court of Appeals, First Circuit.

Jan. 6, 1971.

---

See also, D.C., 310 F.Supp. 857.

Donald P. Ryan, Asst. Atty. Gen., with whom Herbert F. DeSimone, Atty. Gen., was on the brief, for appellant.

Robert L. Barton, Jr., Providence, R. I., with whom Cary J. Coen, Providence, R. I., and Stanley A. Bass, New York City, were on the brief, for Raymond Wilbur, appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

The plaintiff below, an inmate in a Rhode Island prison, claimed the state was prosecuting him because he had exercised certain rights guaranteed prisoners by an earlier consent decree issued by the District Court of the District of Rhode Island. The district court held no evidentiary hearing, but did hear arguments from counsel before entering a preliminary injunction against the state proceedings. Before defendants could obtain review of that order in this court, the district court dissolved the preliminary injunction. Plaintiff now moves to dismiss the appeal as moot.

Defendants urge that the appeal is not moot because there is involved a continuing controversy between state officials and the prisoners over the rights of prisoners. If any of these prisoners are prosecuted, say defendants, they will seek a similar injunction, which the defendants believe the district court has no power to grant.

We recognize the "recurring controversy" exception to the normal rule against hearing cases no longer in dispute. *See* Marchand v. Director, U. S. Probation Office, 421 F.2d 331, 333–334 (1st Cir.1970). We do not think, however, that the possibly continuing controversy between state officials and prisoners means that there is also the likelihood of continuing controversy over whether the district court has power to temporarily enjoin any state prosecutions against prisoners. The court has done so in only one instance; this is not like a situation where an agency continually issues short term orders on the basis of questionable authority. Southern Pacific Terminal Co. v. I.C.C., 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Moreover, in some limited circumstances the district court clearly has authority to enjoin state prosecutions of prisoners. 28 U.S.C. § 2283; Drombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965). Whether this preliminary injunction was necessary in aid of the district court's jurisdiction, to protect or effectuate its earlier judgment, or to prevent a chilling of prisoners' rights, is a legal question that cannot be separated from the precise facts of this case. So is the vexing question whether the district court had sufficient factual basis to issue a preliminary injunction.

If we were to decide this case, the court would, if another prisoner sought a similar injunction, still have to face

the basic question whether the facts fell within one of the three exceptions to the rule against enjoining state court proceedings. The propriety of the preliminary injunction is a question so integrated with the factual setting that our ruling in this case might offer the district court little guidance.

The appeal is dismissed.