**UNITED STATES of America and Paul F. Hynes, Special Agent, Internal Revenue Service, Plaintiffs, Appellees,**

v.

**John F. LYONS, Defendant,**

**George H. Boynton, Intervenor, Appellant.**

**No. 71–1003.**

United States Court of Appeals,
First Circuit.

May 26, 1971.

---

William G. Young, Boston, Mass., with whom John J. Curtin, Jr., and Bingham, Dana & Gould, Boston, Mass., were on brief, for appellant.

John P. Burke, Atty., Tax Div., Dept. of Justice, with whom Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, and Herbert F. Travers, Jr., U. S. Atty., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This appeal by a doctor-taxpayer seeks return of records containing the names and addresses of his patients which were the object of an internal revenue summons addressed to one Lyons, who performed a computer billing service for the doctor. The taxpayer was under investigation for his tax years, 1964–1968. After an inconclusive visit by a Special Agent to Lyons, who sought patient registration forms, I.B.M. cards, and a master file print out containing the names and addresses of some 675 patients of taxpayer, the Special Agent procured and served on Lyons a summons, under 26 U.S.C. §§ 7602 and 7603, calling for their production. Lyons, being threatened by taxpayer with suit if he turned over the data, refused to honor the summons and subsequently delivered them to taxpayer's attorney, pursuant to the latter's instructions.

Judicial enforcement of the summons was sought under 26 U.S.C. § 7604(a), and taxpayer intervened in the proceeding, claiming, so far as is now relevant, that the documents were owned by him, presently in his possession, and that disclosure might tend to incriminate him. The district court, after hearing, ordered taxpayer to return the documents to Lyons and Lyons thereupon to honor the summons. The order was eventually complied with, after both we and the Circuit Justice denied a stay pending appeal.

■ The obvious jurisdictional hurdle for taxpayer at this juncture is mootness. He seeks to overcome this by pointing to the importance of keeping open avenues to judicial review, citing Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889, 20 L.Ed.2d 917 (1968); by apparently invoking the "recurring controversy" doctrine, Southern Pacific Co. v. ICC, 219 U.S. 433, 31 S.Ct. 288, 55 L.Ed. 283 (1911); by assuring the court that his interest in forestalling a criminal prosecution insures an adversary presentation; and by raising the specter of invocation of the district court's order as res judicata unless it is vacated. As to the last argument, the government itself suggests that the order be vacated if we dismiss this appeal as mooted. As to the other arguments, we need say only that we do not read Sibron as abandoning traditional requirements of a live controversy, Marchand v. Director, United States Probation Office, 421 F.2d 331, 335–336 (1st Cir. 1970), nor could we say that the taxpayer here is likely to be involved in similar recurring controversies with the government. See Marchand, supra at 333–334, Morris v. Affleck, 437 F.2d 82 (1st Cir. 1971).

■ While Chief Judge Aldrich has earlier expressed reservations on this issue in Baldridge v. United States, 406 F.2d 526, 527 (5th Cir. 1969), we now have none. If and when a future criminal proceeding is initiated against taxpayer, "to the extent that he has * * * a protectable interest, as, for example, by way of privilege, or to the extent he may claim abuse of process, [he] may always assert that interest or that claim in due course at its proper place in any subsequent trial." Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). See, Duke, Prosecutions for Attempts to Evade Income Tax, 76 Yale L. J. 1, 62 (1966). The mere possibility of future criminal proceedings does not in itself justify present appellate consideration of the propriety of the summons. At this purely investigatory stage, which may lead to civil proceedings or no proceedings at all, to quash the sum-

mons would be to prescribe amputation to forestall possible infection.

■ Though we declare the appeal moot, we feel impelled to say more in the exercise of our supervisory power over those officers of the court who are members of the bar. We view with concern the tactics resorted to in this case, i. e., the physical removal by taxpayer's attorney of documents from the possession of Lyons, under threat of suit by taxpayer, after Lyons had been served with a summons. To the extent that taxpayer's assertion of his privilege against self incrimination might be based on title, such a transfer of possession would in no way improve his position. While possession, if "rightful", might give taxpayer a basis for asserting his privilege, *see* United States v. Cohen, 250 F.Supp. 472, 475 (D.Nev. 1965), aff'd, 388 F.2d 464 (9th Cir. 1967), and mere custody by Lyons might not defeat taxpayer's defense against the summons, *see* Schwimmer v. United States, 232 F.2d 855, 860–861 (8th Cir.), cert. denied, 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52 (1956), there exists an orderly way to assert constitutional or other claims before a hearing officer under § 7602 and before the district court. Reisman v. Caplin, 375 U.S. 440, 449–450, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).

■ We accept the teaching of United States v. Zakutansky, 401 F.2d 68, 72 (7th Cir. 1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969), that a post-subpoena transfer cannot "change the character of the papers and thereby defeat a legitimate government investigation." * Under these circumstances there is no justification, however conscientiously motivated, for this kind of self help. *Cf.* McGarry v. Riley, 363 F.2d 421

* Of the cases relied upon by taxpayer, United States v. Cohen, *supra*; Application of House, 144 F.Supp. 95 (N.D.Cal.1956); and United States v. Levy, 270 F.Supp. 601 (D.Conn.1967), involved a transfer of documents before service of a summons.

(1st Cir. 1966); In re D. I. Operating Company, 240 F.Supp. 672, 677 (D.Nev. 1965). Even, however, if taking the papers from the party served with a quasi judicial summons could destroy the summons' effect, we would think this highly questionable conduct for a member of the bar. At the least it would expose the party summonsed to a charge of contempt.

Remanded to the District Court with direction to vacate the judgment as moot.

To the extent that Bauer v. Orser, 258 F.Supp. 338 (D.N.D.1966)—a case involving an attorney-client relationship—stands for countenancing frustration of a summons, we decline to follow it.