Herbert **KURSHAN** et al., Appellants,

v.

Harold G. **RILEY,** Special Agent, Internal Revenue Service, Appellee.

No. 73–1566.

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 23, 1973.

Decided Sept. 28, 1973.

John G. Rocovich, Jr., and Gerald A. Dechow, Roanoke, Va. (Martin, Hopkins & Lemon, Roanoke, Va., counsel for appellant), on brief for appellants.

Leigh B. Hanes, Jr., U. S. Atty., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, and Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, on brief for appellee.

Before RUSSELL, FIELD, and WIDENER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court denying appellants' motion to enjoin appellee, a Special Agent of the Internal Revenue Service, from taking the testimony of Charles D. Fox III pursuant to a summons issued in a tax investigation. No stay of the order pending appeal was granted below, and none was sought in this Court. During the pendency of this appeal appellee received the testimony of Fox.

Since the testimony of Fox has already been taken, the question of whether the receipt of such testimony should be prevented is now moot. See United States v. Lyons, 442 F.2d 1144 (1st Cir. 1971); Baldridge v. United States, 406 F.2d 526 (5th Cir. 1969). While this Court may grant incidental relief where a party with notice in an

injunction proceeding completes the act sought to be enjoined, Industrial Bank v. Tobriner, 132 U.S.App.D.C. 51, 405 F.2d 1321, 1323 (1968), it would be inappropriate for this Court to grant the relief requested by appellant, and enjoin the Internal Revenue Service from utilizing any information derived from the testimony of Fox. See United States v. Lyons, *supra*, 442 F.2d at 1145–1146. Appellants may adequately protect their asserted interests by seeking to suppress such information in any subsequent proceeding. See Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); United States v. Lyons, *supra*, 442 F.2d at 1145.

The appeal is dismissed. Since the dismissal of the appeal is on account of mootness, and the appellants being otherwise able to assert the merits of their contention, on remand the district court ought to vacate its order and dismiss the action without prejudice.

Remanded.