598 F.2d 1162
 SECURITIES AND EXCHANGE COMMISSION, Applicant-Appellee,
v.
Joseph R. LAIRD, Jr., Cal-Am Corporation, Kenneth J.
Fischer, John E. Crooks, James R. Forbes, Warren
H. Baker, Allstate Securities, Inc.,
Dixie Natural Resources, Inc.,
Respondents-Appellants.
 No. 77-1528.
 United States Court of Appeals,
Ninth Circuit.
 June 1, 1979.
 
 Donald M. Re, Los Angeles, Cal., for respondents-appellants.
 David Ferber, S.E.C., Washington, D. C., for applicant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE and HUG, Circuit Judges, and TEMPLAR,* District judge.
 PER CURIAM:
 
 
 1
 Laird and others appeal from an order of the United States District Court directing them to comply with subpoenas issued by the Securities and Exchange Commission (Commission) requiring testimony and the production of documents. They raise the issue on appeal that the procedures of the Commission followed in this case and the issuance of the subpoenas by the Commission deprived them of their due process rights as protected by the Fifth Amendment. The Commission denies that due process rights were violated and in addition alleges that compliance with the subpoenas has occurred and therefore the appeal is moot. We agree with the Commission as regards its second point and dismiss the appeal.
 
 
 2
 The Commission, pursuant to section 20(a) of the Securities Exchange Act of 1933, 15 U.S.C. § 77t(a) and § 21(a) of the Securities Act of 1934, 15 U.S.C. § 78u(a) ordered that an investigation be commenced to determine whether certain violations had occurred of the federal securities laws and designated certain of its officers to conduct the investigation. A subpoena calling for testimony was served upon Laird, a principal shareholder in the corporation under investigation. Laird appeared on the appropriate date but refused to testify when informed that his demands as to how the Commission was to proceed would not be met. On subsequent dates, other officers of the corporation also appeared pursuant to subpoenas and refused to testify on the same basis as Laird.
 
 
 3
 The Commission applied to the district court and secured an order requiring Laird and the others to appear and testify and to produce documents as set forth in the subpoenas. That order is on appeal but subsequently all of those complaining did in fact appear pursuant to the subpoena's and testified and produced the documents requested.[1]
 
 
 4
 We conclude here, as our sister circuits have in similar situations, that the appeal is moot. Baldridge v. United States, 406 F.2d 526 (5th Cir. 1969); Grathwohl v. United States, 401 F.2d 166 (5th Cir. 1968); Lawhon v. United States, 390 F.2d 663 (5th Cir. 1968); Kurshan v. Riley, 484 F.2d 952 (4th Cir. 1973); United States v. Lyons, 442 F.2d 1144 (5th Cir. 1971); Barney v. United States, 568 F.2d 116 (8th Cir. 1978). Contra, United States v. Friedman, 532 F.2d 928, 931 (3d Cir. 1976). But see Federal Trade Commission v. Browning, 140 U.S.App.D.C. 292, 293 n.1, 435 F.2d 96, 97 n.1 (1970). We are not persuaded that there are raised here substantial public interest questions. See Baldridge v. United States, supra, 406 F.2d at 527.
 
 
 5
 We are equally unpersuaded by the argument that information may come from this investigatory procedure which could subsequently be used in a civil or criminal fraud suit. "Appellants may adequately protect their asserted interests by seeking to suppress such information in any subsequent proceeding." Kurshan v. Riley, supra, 484 F.2d at 953; United States v. Lyons, supra, 442 F.2d at 1145.
 
 
 6
 APPEAL DISMISSED.
 
 
 
 *
 The Honorable George Templar, United States District Judge, District of Kansas, sitting by designation
 
 
 [1]
 After this case was submitted for decision, Warren Baker, through the attorney representing all appellants, claims he did not comply with the subpoena. The record before us is silent on this question. However, the SEC brief stated: "All of the appellants have appeared to testify . . .." There was no challenge to this statement by way of reply brief or otherwise prior to submission of the case for decision. The letter objection without record foundation raises the alleged issue too late