PER CURIAM.
 

 This is an appeal from a judgment of the United States District Court for the District of Puerto Rico that (1) reversed on appeal a bankruptcy court order refusing a preliminary injunction and (2) issued the requested injunction. We hold that, because the district court lacked appellate jurisdiction, so do we; we therefore dismiss the appeal to this court and remand to the district court with a direction to vacate the injunction and to dismiss without prejudice the appeal from the bankruptcy court.
 

 Defendants-appellants are Girard Equipment Co. (Girard) and officials of various agencies of the Commonwealth of Puerto Rico that administer and review awards of bids to perform government contracts. Plaintiff-appellee Caribbean Tubular Corporation (Caribbean) is a manufacturer of school desks, as is defendant Girard. In June 1986, Girard was awarded a contract to supply school desks to the Commonwealth. Caribbean, whose bid on the contract was unsuccessful, sought to block the award to Girard on numerous grounds. One such ground was that Girard had used parts imported from Mexico to manufacture its desks; Caribbean alleged that the Buy American Act, 41 U.S.C. §§ 10a-10c (1982), required the government of Puerto Rico to give preference to manufacturers, such as Caribbean, that did not use imported parts in their products. Because Caribbean was in Chapter 11 reorganization pro
 
 *534
 
 ceedings, Caribbean initiated an adversary proceeding,
 
 see
 
 Fed.R.Bankr. Part VII, and filed its motion for a preliminary injunction in the bankruptcy court.
 
 [1]
 

 On July 29, 1985, the bankruptcy court filed a “Memorandum Opinion, Findings, and Conclusions,” finding the Buy American Act inapplicable to Puerto Rico and denying Caribbean’s motion for a preliminary injunction. On August 8, Caribbean filed a notice of appeal to the district court from this decision, but in September Caribbean noticed that no separate order denying its motion had actually entered and requested that the bankruptcy court enter such an order. On October 28, the bankruptcy court did so; Caribbean filed a notice of appeal to the district court from this order on October 81, within the ten-day period established by Fed.R.Bankr. 8002(a).
 

 In the meantime, Caribbean had on October 7 orally moved for a voluntary dismissal of certain amendments to its complaint; on October 23 the bankruptcy court, apparently misunderstanding this motion, entered a judgment dismissing the entire adversary proceeding. On October 31, Caribbean filed a motion requesting that the bankruptcy court amend the dismissal judgment to encompass only the amendments to Caribbean’s complaint. On February 24, 1986, the bankruptcy court denied this motion. Caribbean did not file a notice of appeal within ten days of the denial of the motion, as required by Fed.R. Bankr. 8002(b).
 

 On July 11,1986, 67 B.R. 172, the district court issued its opinion and order on Caribbean’s appeal from the bankruptcy court’s July 29, 1985 decision denying the preliminary injunction. Although the questions were not properly before it, the district court was of the view that the bankruptcy court erred in its October 23 judgment dismissing the entire proceeding and in its February 24 denial of Caribbean’s motion to amend that judgment. Because the bankruptcy court should not have dismissed the entire proceeding, the district court reasoned, that proceeding remained alive and thus Caribbean’s appeal of the July 29, 1985 order refusing the preliminary injunction was not moot. The court proceeded to the merits and, reversing the bankruptcy court, held that the Buy American Act does apply to the government of Puerto Rico. The court then issued an injunction ordering the defendant government officials to obey that act; the record does not show whether the court intended the injunction to be preliminary or permanent in character. This appeal followed.
 

 We conclude that, because the bankruptcy court’s dismissal of the entire proceeding rendered the interlocutory appeal moot, the district court should have dismissed that appeal. Such is the rule on appeals from district courts to courts of appeals, and we see no reason for a different rule in appeals from bankruptcy courts to district courts.
 
 See Ruby v. Pan American World Airways, Inc.,
 
 360 F.2d 691 (2d Cir.1966) (dismissing as moot an appeal from refusal of preliminary injunction; while appeal was pending, district court dismissed underlying action, which dismissal was not appealed);
 
 Dempsey v. Guaranty Trust Co.,
 
 131 F.2d 103 (7th Cir.1942) (same),
 
 cert. denied,
 
 318 U.S. 769, 63 S.Ct. 761, 87 L.Ed. 1139 (1943);
 
 cf. Runs After v. United States,
 
 766 F.2d 347 (8th Cir.1985) (dismissing as moot an appeal from denial of preliminary injunction; while appeal was pending, district court dismissed underlying action, which dismissal was affirmed on appeal);
 
 Lyons v. Johnson,
 
 415 F.2d 540 (9th Cir. 1969) (same),
 
 cert. denied,
 
 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970);
 
 Janousek v. Doyle,
 
 313 F.2d 916 (8th Cir.1963) (per curiam) (same).
 
 [2]
 
 Because Caribbean
 
 *535
 
 did not appeal the dismissal judgment, it was error for the district court to cast aside that judgment as erroneous. The dismissal judgment rendered the interlocutory appeal moot. Therefore, the district court lacked appellate jurisdiction to consider the interlocutory appeal or to issue the injunction ordering the defendant government officials to comply with the Buy American Act.
 
 [3]
 

 We also lack appellate jurisdiction. As we have previously observed in the context of appeals from district court appellate bankruptcy decisions, “this court’s jurisdiction can only be based on a proper exercise of jurisdiction by the court below.”
 
 In re Abdallah,
 
 778 F.2d 75, 77 (1st Cir.1985),
 
 cert. denied,
 
 — U.S.-, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986). In
 
 Abdallah,
 
 the appellants’ failure to file timely notices of appeal from the bankruptcy court to the district court deprived that court of appellate jurisdiction; we held that such a defect also deprived this court of appellate jurisdiction over the district court’s disposition of the original appeal. The situation in the instant case is identical; because the district court lacked appellate jurisdiction, so do we.
 
 [4]
 

 We dismiss the appeal to this court for want of appellate jurisdiction and remand to the district court with instructions to vacate the injunction and to dismiss without prejudice the appeal from the bankruptcy court.
 

 [1]
 

 . The parties agreed at the time that this adversary proceeding was not a "core proceeding” within the meaning of 28 U.S.C. § 157(b) (Supp. II 1984). They nevertheless consented, pursuant to 28 U.S.C. § 157(c)(2), to have the proceeding heard and determined by the bankruptcy court and to the entry of orders and judgments by that court, subject to appellate review in the district court pursuant to 28 U.S.C. § 158(a).
 

 [2]
 

 . In a variety of other contexts, the rule is the same: when an order of the district court renders a pending interlocutory appeal moot, the court of appeals should dismiss that appeal.
 
 See, e.g., Baker v. Bray,
 
 701 F.2d 119 (10th
 
 *535
 
 Cir.1983) (dismissing interlocutory appeal as moot because district court had dismissed underlying claim);
 
 United States v. Ford,
 
 650 F.2d 1141 (9th Cir.1981) (dismissing interlocutory appeal as moot because district court had dismissed underlying summons enforcement proceeding), cer
 
 t. denied,
 
 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982);
 
 Morris v. Affleck,
 
 437 F.2d 82 (1st Cir.1971) (dismissing interlocutory appeal as moot because district court had dissolved underlying preliminary injunction).
 

 [3]
 

 . We suggest, but need not decide, that the district court's consideration of Caribbean's appeal was erroneous in an additional respect. An appeal from the refusal of a preliminary injunction is unquestionably interlocutory in character, yet Caribbean never filed a motion for leave to pursue the interlocutory appeal as required by Fed.R.Bankr. 8001(b). Nor did the district court grant leave to appeal or direct that a motion for leave to appeal be filed as required by Fed.R.Bankr. 8003(c). Although the district court’s consideration of the merits of the appeal might in some circumstances be considered a tacit grant of leave to appeal, ordinarily the court should follow one of the options specified by Rule 8003(c). Arguably, the court’s failure to grant leave to appeal meant that it had no appellate jurisdiction under 28 U.S.C. § 158(a), which confers jurisdiction on the district courts to hear, with leave of the court, appeals from interlocutory orders of bankruptcy judges.
 
 Cf. In re El San Juan Hotel,
 
 809 F.2d 151, 153-54 (1st Cir.1987).
 

 [4]
 

 . We may also lack jurisdiction on the ground that the district court’s order was not "final” and thus not appealable to this court under 28 U.S.C. § 158(d).
 
 See In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 799-801 (1st Cir. 1985). We do not decide this question, however, because it is impossible to determine from the record before us whether the injunction issued by the district court was preliminary or permanent in character. Nor do we decide whether the district court’s order, if not final, would nevertheless be appealable on the authority of
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) or
 
 Forgay v. Conrad,
 
 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848).
 
 See American Colonial Broadcasting,
 
 758 F.2d at 803.