[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1551

BANK OF BOSTON,

Plaintiff, Appellant,

v.

WILLIAM B. WALLACE AND JOAN M. WALLACE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Matthew J. McGowan and Salter, McGowan, Swartz & Sylvia on
brief for appellant.

December 2, 1998

Per Curiam. Upon careful review of appellant's brief and the
record, we conclude that the district court did not err in
dismissing this appeal from a bankruptcy court order. The appeal
was moot for the reasons stated in the district court's Memorandum
and Order dated March 6, 1998. 
Further, the appeal was not excused from the requirement of a
live case or controversy. Although the bankruptcy court proceeding
of which appellant complained may be "capable of repetition," we
cannot say that appellant's underlying issue will "yet evade
review." See Southern Pacific Terminal Co. v. ICC, 219 U.S. 498,
515 (1911). Appellant may yet be able to litigate the issue in
other cases, in particular ones where the bankruptcy court rejects
the reaffirmation agreement. Other avenues may conceivably exist. 
Compare Whitehouse v. United States District Court, 53 F.3d 1349,
1353 (1st Cir. 1995) (declaratory judgment action was the "proper
method" to challenge a local rule); United States v. Arthur
Andersen & Co., 623 F.2d 720, 723 (1st Cir. 1980) (suggesting
contempt proceedings as a possible method to obtain appellate
review).
As an additional ground for dismissal, it appears that
appellant lacks standing to appeal from the order at issue here. 
The show cause order on its face was addressed to another party,
did not require any action of appellant, and did not threaten or
impose any sanction against appellant, and so the denial of
appellant's motion to vacate that order had no practical effect on
appellant. Although appellant has complained of various costs
2

incurred to prepare for and attend such show cause hearings and
also of a general "chilling effect" arising from the possibility of
such hearings, it does not appear that the show cause order or the
denial of appellant's motion to vacate had any direct, adverse,
pecuniary effect on appellant, as required to vest appellant with
standing to appeal. See In re El San Juan Hotel, 809 F.2d 151,
154-56 (1st Cir. 1987).
We intend no comment on the merits, if any, of appellant's
underlying issue.
Affirmed. See 1st Cir. Loc. R. 27.1.