USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1551 BANK OF BOSTON, Plaintiff, Appellant, v. WILLIAM B. WALLACE AND JOAN M. WALLACE, Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] Before Torruella, Chief Judge, Campbell, Senior Circuit Judge, and Lipez, Circuit Judge.   Matthew J. McGowan and Salter, McGowan, Swartz & Sylvia onbrief for appellant.December 2, 1998   Per Curiam. Upon careful review of appellant's brief and therecord, we conclude that the district court did not err indismissing this appeal from a bankruptcy court order. The appealwas moot for the reasons stated in the district court's Memorandumand Order dated March 6, 1998.  Further, the appeal was not excused from the requirement of alive case or controversy. Although the bankruptcy court proceedingof which appellant complained may be "capable of repetition," wecannot say that appellant's underlying issue will "yet evadereview." See Southern Pacific Terminal Co. v. ICC, 219 U.S. 498,515 (1911). Appellant may yet be able to litigate the issue inother cases, in particular ones where the bankruptcy court rejectsthe reaffirmation agreement. Other avenues may conceivably exist. Compare Whitehouse v. United States District Court, 53 F.3d 1349,1353 (1st Cir. 1995) (declaratory judgment action was the "propermethod" to challenge a local rule); United States v. ArthurAndersen & Co., 623 F.2d 720, 723 (1st Cir. 1980) (suggestingcontempt proceedings as a possible method to obtain appellatereview). As an additional ground for dismissal, it appears thatappellant lacks standing to appeal from the order at issue here. The show cause order on its face was addressed to another party,did not require any action of appellant, and did not threaten orimpose any sanction against appellant, and so the denial ofappellant's motion to vacate that order had no practical effect onappellant. Although appellant has complained of various costs 2incurred to prepare for and attend such show cause hearings andalso of a general "chilling effect" arising from the possibility ofsuch hearings, it does not appear that the show cause order or thedenial of appellant's motion to vacate had any direct, adverse,pecuniary effect on appellant, as required to vest appellant withstanding to appeal. See In re El San Juan Hotel, 809 F.2d 151,154-56 (1st Cir. 1987). We intend no comment on the merits, if any, of appellant'sunderlying issue. Affirmed. See 1st Cir. Loc. R. 27.1.