# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-3820

RONALD BELDA,

*Debtor-Appellant,*

v.

MARILYN O. MARSHALL,

*Trustee-Appellee.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 8722—**Rebecca R. Pallmeyer**, *Judge.*

_____

ARGUED MAY 6, 2005—DECIDED JULY 26, 2005

_____

Before KANNE, ROVNER, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* On May 20, 2003, Ronald Belda
filed for bankruptcy under Chapter 13 of the Bankruptcy
Code. His amended reorganization plan, filed on September
2, proposed that Belda would continue to make his student
loan payments of $68.50 per month throughout the 60-
month term of the plan. Because student loan debt is not
dischargable in bankruptcy, the final payments would be
made after the end of the reorganization plan. This would
result in a 62% payment to the Department of Education
during the term of the plan while all other unsecured

creditors would receive less than 10% on their claims. If the student loans were not treated differently from the other unsecured debt, all non-priority general unsecured creditors would receive approximately 35% of the amount due them.

The trustee objected to the proposed plan, asserting that the special classification for student loans would violate 11 U.S.C. § 1322(b)(1) (stating that a plan may "designate a class or classes of unsecured claims, . . . but may not discriminate unfairly against any class so designated"). Belda argued that § 1322(b)(1) does not apply to student loans because the loans are long-term debt under § 1322(b)(5) (providing that a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due").

On October 9, 2003, the bankruptcy court affirmed the proposed plan after finding that § 1322(b)(1) and § 1322(b)(5) were "free standing" entitlements and that the long-term debt provision was not subject to the anti-discrimination provision. On October 24, 2003, the Trustee filed an appeal in the district court, and on September 30, 2004, the district court reversed the order of the bankruptcy court that confirmed the reorganization plan. Belda filed his appeal to this court on October 29, 2004.

On November 9, 2004, the Trustee filed a motion to dismiss the bankruptcy case because Belda was in substantial default on his required payments and there was no replacement plan before the bankruptcy court following the district court's reversal of the order confirming the reorganization plan. An order dismissing the bankruptcy case was entered on November 18, while this appeal was pending. Belda did not appeal that order. Although the parties ask us to decide the case on its merits, we find that the case is moot and must be dismissed.

A bankruptcy court retains jurisdiction over cases before it throughout the term of the plan. This is true because regardless of the status of any appeals, the court must be able to protect the rights of the various interested parties by enforcing the debtor's performance under the reorganization plan and ensuring that the trustee properly administers the plan throughout its term. However, upon motion, the bankruptcy court may order a stay of the bankruptcy proceedings pending appeal. *See* Fed. R. Bankr. P. 8005. Belda admits that he was not current on his plan payments and did not file an amended Chapter 13 plan after the district court's ruling. Because he also did not seek relief under Rule 8005 or appeal the dismissal of his case, he concedes that the bankruptcy court "was within its authority to grant the Trustee-Appellee's motion to dismiss pursuant to 11 U.S.C. 1307(c)."

Regardless of the parties' desire to have this case heard, "[i]t goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "A case is moot when it no longer presents a live case or controversy." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). Belda's question regarding the relationship between the long-term debt provision and the anti-discrimination provision would have no impact on the parties to this suit because the claim underlying this appeal has been dismissed. This case is moot.

Belda asks us to invoke the exception to the mootness doctrine which allows cases to be heard when they are "capable of repetition, yet evading review." *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 187 (1979). The Supreme Court has explained that a case is not moot when: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or

expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Both prongs of the test must exist before the exception will apply.

We find that there is not a reasonable expectation that Belda will be subjected to the same question again—in fact, we know that the question did not repeat itself. Belda filed a subsequent Chapter 13 reorganization plan on December 3, 2004, and proposed to pay all of his unsecured creditors 100% of their claims. There was no special classification for student loans in the amended plan, and therefore the relationship between § 1322(b)(1) and § 1322(b)(5) is no longer at issue.

The parties argue that we should resolve this question even though there is not a live controversy at this time. We cannot issue such an advisory opinion. Although we agree that it is an interesting question of law, we must wait until that question is properly before us.

Because this case is moot, it is DISMISSED.

A true Copy:

        Teste:

                                _____
                                  *Clerk of the United States Court of*
                                    *Appeals for the Seventh Circuit*