# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1329

_____

In re: Samuel Smith, Sr.,      *

           Debtor,      *

_____      *

Ross H. Briggs,      *    Appeal from the United States
     *    District Court for the
           Appellant,      *    Eastern District of Missouri.

         v.      *    [UNPUBLISHED]

John V. LaBarge, Jr.,      *

           Appellee.      *

_____

Submitted: December 7, 2006
Filed: December 14, 2006

_____

Before SMITH, MAGILL and BENTON, Circuit Judges.

_____

PER CURIAM.

In this Chapter 13 bankruptcy matter, the debtor's attorney, Ross Briggs, appeals from an order of the district court[1] affirming the bankruptcy court's[2] order

_____

[1]The Honorable Henry E. Autry, United States District Judge for the Eastern District of Missouri.

[2]The Honorable Barry S. Schermer, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

instructing the trustee to withhold attorney's fees from Briggs in other bankruptcy cases as sanctions for Briggs's continued violation of an earlier court order. For reversal, Briggs argues that the bankruptcy court acted without authority because (1) the court was actually exercising contempt power which it did not have, and (2) the court lacked jurisdiction to rule upon matters that were the subject of a pending interlocutory appeal.

Applying the same standards as the district court, we review the bankruptcy court's factual findings for clear error, and its legal conclusions de novo. *See Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987). We hold that the bankruptcy court had authority under 11 U.S.C. § 105 to issue the order being appealed, whether it is characterized as a sanctions order or a contempt order. *See In re Clark*, 223 F.3d 859, 864 (8th Cir. 2000) (§ 105 gives bankruptcy courts broad power to implement provisions of bankruptcy code and to prevent abuse of bankruptcy process, which includes power to sanction for abuses of process (cited case omitted)); *In re Ragar*, 3 F.3d 1174, 1178-79 (8th Cir. 1993) (bankruptcy court's criminal contempt order was within § 105(a)'s clear delegation of authority; contempt authority exists "not for its own sake, but for the sake of the duties that Congress has entrusted" to bankruptcy courts; use of criminal or civil contempt power may be necessary or appropriate to enforce violated order). Moreover, consistent with the Supreme Court's decision in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (recognizing district courts' inherent power to sanction), the bankruptcy courts' authority under section 105 comports with their inherent power to sanction, notwithstanding their status as Article I rather than Article III courts. *See, e.g., In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283-84 (9th Cir. 1996) ("There can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court. The inherent power is recognized in the statutory grant Congress has provided the bankruptcy courts." (citing § 105(a)); "Congress impliedly recognized that bankruptcy courts have the inherent power to sanction that *Chambers* recognized exists within Article III courts.").

We further conclude that the bankruptcy court was not deprived of jurisdiction to issue the challenged order as a result of Briggs's pending interlocutory appeal. The notice of that interlocutory appeal had raised a different issue; it did not mention the bankruptcy court's order which was subsequently violated by Briggs, leading to the sanctions. Indeed, at the time the notice of appeal was filed, that bankruptcy court order could not have been appealed because it lacked the requisite finality. *See In re Huebner*, 986 F.2d 1222, 1223 (8th Cir. 1993) (setting forth factors used in deciding finality of bankruptcy court order). Moreover, Briggs never sought a stay of that order. Thus, the bankruptcy court retained jurisdiction to take further action related thereto. *See* Fed. R. Bankr. P. 8005 ("A motion for a stay of the judgment, order, or decree of a bankruptcy judge, . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance."); *Belda v. Marshall*, 416 F.3d 618, 620 (7th Cir. 2005) (general rule is that bankruptcy court will retain jurisdiction over bankruptcy cases before it "regardless of the status of any appeals" in order to enforce performance under reorganization plans); *In re Christian & Porter Aluminum Co.*, 584 F.2d 326, 334 (9th Cir. 1978) (general rule that properly filed notice of appeal deprives trial court of jurisdiction to proceed further except by leave of appellate court does not apply in bankruptcy proceedings); *Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. 1963) (per curiam) (appeal from interlocutory order does not divest trial court of jurisdiction to continue with other phases of case (cited case omitted)).

Because we conclude that the bankruptcy court did not act without authority or jurisdiction in issuing the challenged order, we affirm.

_____