**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2014[*]
Decided December 12, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-1241

| | |
|---|---|
| In the matter of:<br>CHARLES WALKER,<br>    *Debtor*, | Appeal from the United States Bankruptcy<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| | No. 13-42168 |
| Appeal of:<br>MARILYN O. MARSHALL,<br>    *Trustee*. | Timothy A. Barnes,<br>*Bankruptcy Judge*. |

## O R D E R

On the same day but several hours after he filed his Chapter 13 bankruptcy petition, Charles Walker completed the credit counseling required under 11 U.S.C. § 109(h)(1). That statute requires that credit counseling be completed "during the 180-day period ending on the date of filing the petition." 11 U.S.C. § 109(h)(1)**.** Marilyn Marshall, the Chapter 13 Trustee assigned to Walker's petition, moved to dismiss the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

petition, arguing Walker had to complete credit counseling *before* filing. The bankruptcy court disagreed, ruling that the statute permitted a debtor to complete credit counseling after filing as long as it was completed the same day. Marshall sought and received from us permission to appeal this ruling, and we appointed an amicus to defend the bankruptcy court's decision. But between the time that the Trustee appealed and we certified this appeal, the bankruptcy court dismissed Walker's petition on an independent ground: his failure to pay filing fees. Walker is not participating in the appeal and does not contest the dismissal. Based on that dismissal and Walker's acquiescence, the amicus asks us to dismiss this appeal as moot. We agree and dismiss this appeal.

A case is moot when a court cannot possibly give the appellant, should she prevail, any relief. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). That is the case here. The Trustee seeks reversal of the bankruptcy court's order declining to dismiss Walker's petition. But because that court has dismissed Walker's petition on the independent and unchallenged ground that he failed to pay filing fees, we cannot give the Trustee any further relief. See *Belda v. Marshall*, 416 F.3d 618, 619–21 (7th Cir. 2005) (interpretation of bankruptcy code provisions rendered moot when underlying petition was later dismissed by bankruptcy court because debtor was in default on required payments and did not appeal that dismissal). Dismissal of this appeal vindicates the principle that interlocutory appeals in general are mooted once the district court has dismissed the underlying action. See *In re Caribbean Tubular Corp.*, 813 F.2d 533, 534–35 (1st Cir. 1987) (collecting cases and applying the principle in the bankruptcy context).

The Trustee replies with two arguments, but neither is persuasive. First she argues that, despite the dismissal, under 11 U.S.C. § 362(c)(3)(A) Walker's case remains pending for one year after dismissal. But § 362(c)(3)(A) merely states that if Walker seeks bankruptcy protection again within a year of his dismissal, then the automatic stay protecting his assets is limited to 30 days. It does not keep his case pending during the year following dismissal. See *In re Zarnel*, 619 F.3d 156, 163 (2d Cir. 2010).

Second the Trustee argues that the issue of when credit counseling must be completed is "capable of repetition yet evading review," see *United States v. Juvenile Male*, 131 S.Ct. 2860, 2865 (2011) (per curiam), so an exception to mootness applies here. She explains that she has sought dismissal under § 109(h)(1) for tardy credit counseling over 250 times this year. Six of those cases presented the same issue as Walker's case—credit counseling occurred on the same day but after the moment of filing. "Typically," she

continues, these cases (many of them pro se) may be dismissed on other grounds, but "sometimes" they "survive dismissal."

This exception to mootness does not apply here. To be "capable of repetition yet evading review" a case must: (1) be too short in duration to allow for a decision on the merits and (2) the *same* plaintiff must have a reasonable expectation of suffering the same harm again. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir. 2000). Both elements are missing in this case.

The first element is not met because, as the amicus points out, the dismissal of another bankruptcy case, *In re Arkuszewski*, 507 B.R. 242 (Bankr. N.D. Ill. 2014), presents a live version of the issue mooted here. There, a bankruptcy court dismissed a petition on the ground on which the bankruptcy judge in Walker's case refused to dismiss (that credit counseling on the same day but after filing renders a debtor ineligible to file). The debtor has appealed that case to the Northern District of Illinois, where it is now pending. See *In re Arkuszewski*, No. 14 C 3086 (appeal filed N. D. Ill. Apr. 29, 2014). The bankruptcy court has stayed its proceedings during the appeal, see *Arkuszewski*, No. 13-45595 (Bankr. N.D. Ill. Apr. 10, 2014). Therefore the likelihood that *Arkuszewski*'s appeal will elude review by a mootness-causing-dismissal is minimized.

The Trustee's argument also fails on the second element of the mootness exception. The likelihood that Walker will file another petition presenting the same issue of the timing of credit counseling is nothing more than a "theoretical possibility." *Murphy*, 455 U.S. at 482; *Belda*, 416 F.3d at 620. It is irrelevant that six other cases to which the Trustee has been assigned this year presented the same issue and yet were dismissed on independent grounds. The inquiry into the second element of the mootness exception concerns only the parties in this case. See *Murphy*, 455 U.S. at 482; *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975).

DISMISSED.