657 F.2d 1169
 82-1 USTC P 9179
 UNITED STATES of America and Dick Withrow, Revenue Agent,
Internal Revenue Service, Plaintiffs-Appellees,
v.
TRAILS END MOTEL, INC., LaFaye Sampson, President; LaFaye
Sampson and Sherman H. Sampson, Defendants-Appellants.
 Nos. 80-1843, 80-1845 and 80-1846.
 United States Court of Appeals,
Tenth Circuit.
 Submitted on the briefs pursuant to Tenth Circuit Rule 9 May
7, 1981.
Decided Sept. 3, 1981.
 
 John Terry Moore and Richard L. Schodorf of Miller, Moore, Rapp, Schodorf & Clark, P. A., Wichita, Kan., for defendants-appellants.
 M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, William A. Whitledge and Melvin E. Clark, Jr., Attys., Tax Division, Dept. of Justice, Washington, D. C. (James P. Buchele, U. S. Atty., Wichita, Kan., of counsel), for plaintiffs-appellees.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.
 
 
 2
 These appeals are from a district court order enforcing three summonses issued by the Internal Revenue Service (IRS), pursuant to 26 U.S.C. § 7602, during the course of an investigation of LaFaye and Sherman Sampson's tax liability for the 1977 taxable year.
 
 
 3
 The first summons required Trails End Motel, Inc. to produce certain financial records and documents pertaining to the Sampsons. The second and third summonses were addressed to the Sampsons individually and also sought financial records pertaining to the 1977 taxable year. Upon the advice of counsel, appellants refused to produce the summoned material and moved to quash the summonses. The district court conducted a hearing, directed enforcement of the summonses pursuant to 26 U.S.C. §§ 7402 and 7604, and refused to stay its order pending review.
 
 
 4
 We are advised in appellants' memorandum brief that the documents sought in the summonses have been turned over to the IRS, and that the appellants have thereby fully complied with the district court's enforcement order.
 
 
 5
 These were simply proceedings to obtain certain information. When that information was furnished by appellants to the IRS pursuant to the district court's order, whatever case or controversy existed at that time was extinguished by appellants' compliance. Securities & Exchange Comm'n v. Laird, 598 F.2d 1162 (9th Cir. 1979); Kurshan v. Riley, 484 F.2d 952 (4th Cir. 1973). The possibility of meaningful relief in the context of these cases was obviated by the events which occurred during the pendency of the appeals. See Public Media Center v. Federal Communications Comm'n, 587 F.2d 1322, 1326 (D.C.Cir.1978). The appellants may adequately protect their asserted interest by challenging the IRS procedure if and when the government attempts to make further use of the information obtained by the summonses. Securities & Exchange Comm'n v. Laird, 598 F.2d 1162, 1163 (9th Cir. 1979); Kurshan v. Riley, 484 F.2d 952, 953 (4th Cir. 1973).
 
 
 6
 APPEALS DISMISSED.