692 F.2d 629
 82-2 USTC P 9674
 UNITED STATES of America and Charles W. Brown, Revenue
Agent, Appellants/Cross-Appellees,
v.
Edwin R. COATES, as Representative of Church of Reflection,
Inc., Appellee/Cross-Appellant.
 Nos. 82-4013, 82-4025.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 13, 1982.
Decided Nov. 18, 1982.
 
 Dan Ross, Tax Division, Dept. of Justice, Washington, D.C., for U.S.A.
 John M. Youngquist, San Francisco, Cal., for Coates.
 Appeal from the United States District Court for the Eastern District of California.
 Before BROWNING, PREGERSON and POOLE, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 The Internal Revenue Service (IRS) brought an action in the district court, 526 F.Supp. 248, to enforce an IRS summons for production of financial, corporate, and religious records of the Church of Reflection, Inc. (Church). The summons[1] was directed to Edwin Coates, as representative of the Church, for the purpose of investigating the Church's qualification for tax exempt status. By the time the final district court determination was made, only two of the items sought by the summons remained in dispute--the books of account and the corporate minute books of the Church.[2]
 
 
 2
 The dispute here and in the district court focuses on the interpretation of I.R.C. Sec. 7605(c) (26 U.S.C. Sec. 7605(c)).[3] The IRS maintains that it is entitled to examine both books of account and corporate minute books in order to determine whether a church qualifies for tax exempt status. The Church maintains that section 7605(c) prohibits examinations of church records unless the examination is undertaken to determine whether a church is engaged in an unrelated trade or business taxable under I.R.C. Sec. 511 (26 U.S.C. Sec. 511).[4]
 
 
 3
 The district court interpreted section 7605(c) as prohibiting the examination of church books of account except upon proper notice and belief that the church is engaged in a taxable unrelated trade or business. On the other hand, the district court determined that section 7605(c) does not restrict examinations of non-financial records maintained by a church. The court therefore concluded that examination of the corporate minute books was permissible to the extent necessary to determine whether the organization qualifies as a tax exempt church. The district court denied the IRS's petition for enforcement of the summons insofar as it sought production of the books of account of the Church because the IRS was not seeking to determine if the Church is engaged in a taxable unrelated trade or business. The court, however, granted the petition insofar as it sought production of the corporate minute books of the Church.
 
 
 4
 The IRS appealed that part of the judgment denying its petition. Respondent Coates, as representative of the Church, cross-appealed that part of the judgment which granted the IRS's petition.
 
 The Books of Account
 
 5
 Our reading of section 7605(c) and its legislative history supports the IRS's position that the restrictions of that section apply only to investigations of a church's unrelated business income and do not restrict use of church financial records for other purposes, including an investigation of tax exempt status. The legislative history of section 7605(c) shows that a limited scope was intended for the statute. The provision was added to the Internal Revenue Code as part of the Tax Reform Act of 1969, a comprehensive bill which reformed many aspects of tax law. The principal change affecting churches was the amendment of section 511 of the Internal Revenue Code, under which tax liability was imposed on the unrelated business income of certain tax exempt organizations, including churches. This represented a major change in the treatment of churches, which were previously exempt from all taxes including section 511 unrelated business income taxes.
 
 
 6
 The Tax Reform Act also added a new subsection (c) to section 7605 as "an administrative provision in connection with an amendment to Section 511." United States v. Grayson County State Bank, 656 F.2d 1070, 1075 (5th Cir.1981). Because the amended section 511 created new tax liability for churches, the addition of section 7605(c) was considered necessary to protect churches from excessive tax audits by IRS agents investigating unrelated business or trade. The protection of churches afforded by section 7605(c) extended to any audit conducted to enforce section 511 but was not intended to restrict IRS investigations for other purposes.
 
 
 7
 In connection with section 7605(c), the House Report on the Tax Reform bill stated:
 
 
 8
 Under new subsection (c), no examination of the books of account of a church or convention or association of churches is to be made to determine whether such organization may be engaged in the carrying on of an unrelated trade or business or may otherwise be engaged in activities which may be subject to tax under section 511 unless a regional commissioner or higher official believes that such organization may be so engaged and so notifies the organization in advance of the examination. New subsection (c) does not preclude an agent, for example, from examining an organization to determine if it is, in fact, a church.
 
 
 9
 H.R.Rep. No. 413, 91st Cong., 1st Sess., reprinted in 1969 U.S.Code Cong. & Ad.News 1645, 1910 (emphasis added). The House bill's version of section 7605(c) consisted of only the first sentence of the present subsection. See footnote 3. The second sentence was added on the Senate floor[5] and adopted by the Conference Committee. The Conference Committee Report on the amended bill stated:
 
 
 10
 The bill contains several administrative provisions including one providing that no audit of a church, its integrated auxiliaries, or a convention or association of churches is to be made unless the principal internal revenue officer for the region believes the church may be engaged in a taxable activity.
 
 
 11
 Conf.Rep. No. 782, 91st Cong., 1st Sess., reprinted in 1969 U.S.Code Cong. & Ad.News 2392, 2404.
 
 
 12
 The crucial clause of section 7605(c), in this dispute, is in the final sentence of the statute which states: "no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount of tax imposed by this title." The district court read this language to mean that "no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount" of unrelated business tax liability. We believe that the clear meaning of the language is that "no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount," if any, of tax imposed by any Internal Revenue Code provision.[6]
 
 
 13
 Our decision today follows other circuit courts which have interpreted section 7605(c). In United States v. Freedom Church, 613 F.2d 316 (1st Cir.1979), a church appealed a district court's order enforcing an IRS summons of "all books, records and papers" of the church, including the books of account, in connection with an investigation of the church's qualification for tax exempt status. The First Circuit held that section 7605(c) was not intended to restrict investigations of tax exempt status, stating:
 
 
 14
 Both the words of the statute and its legislative history contradict appellants' second claim that section 7605(c) prohibits an IRS examination of "books of account" to determine the tax exempt status of an organization that claims to be a church.
 
 
 15
 613 F.2d at 324.
 
 
 16
 In United States v. Dykema, 666 F.2d 1096, 1098 (7th Cir.1981), the IRS appealed the denial of enforcement of a summons directed to the pastor of a church for the purpose of determining both the tax exempt status of the church and the church's liability for unrelated business income tax. The Seventh Circuit reversed the denial of enforcement and required the church to produce fourteen items of financial and religious documentary information. The court described section 7605(c) as providing
 
 
 17
 that examination of the books of account of a church shall be made only "to the extent necessary" to determine the amount of tax on unrelated business income.
 
 
 18
 [T]his provision of the statute relates only to the topic of unrelated business income. It does not restrict the scope of examination with respect to other issues for determination by the IRS when investigating an allegedly exempt organization, e.g. whether the organization is in fact an exempt organization by reason of its being engaged in activities of the sort which Congress specified as proper for conferring exempt status, or whether part of the organization's net earnings inures to the benefit of any private shareholder or individual ....
 
 
 19
 666 F.2d at 1099 (emphasis added).
 
 
 20
 Finally, our interpretation of section 7605(c) is supported by the overall enforcement scheme of the tax exemption for religious organizations. The determination of tax exempt status under I.R.C. Sec. 501(c)(3) (26 U.S.C. Sec. 501(c)(3)) involves more than an examination of the religious activities of the organization. Section 501(c)(3) defines organizations exempt from taxation as including
 
 
 21
 [c]orporations, and any community chest, fund, or foundation, organized and operated exclusively for religious ... purposes, ... no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, ... and which does not participate in, or intervene in any political campaign on behalf of any candidate for public office.
 
 
 22
 (Emphasis added.) Therefore, the provisions of section 501(c)(3) require an analysis of certain financial records to prove or disprove tax exempt qualification.
 
 
 23
 Section 501(c)(3) is unenforceable unless the IRS has the power to examine books of account during an investigation into the tax exempt status of an organization claiming to be a church. If a tax statute is ambiguous, as is true of section 7605(c), this court will adopt an interpretation that results in the statute's construction in harmony with the general scheme of the Internal Revenue Code.[7] Get Oil Out! Inc. v. Exxon Corp., 586 F.2d 726, 729 (9th Cir.1978).
 
 The Corporate Minute Books
 
 24
 The district court held that section 7605(c) does not prevent the IRS from examining corporate minute books for the purpose of investigating a church's qualification for tax exempt status. The court dismissed the Church's contention that the examination unconstitutionally "entangles" the IRS in the religious affairs of the Church. We agree with both conclusions.
 
 
 25
 The Church argues that section 7605(c) was intended to restrict all examinations of church records, including records of religious activities during an investigation to determine tax exempt status. Such an intent, however, is not evident in either the language or the legislative history of the statute.
 
 
 26
 Furthermore, it is clear that the examination of corporate minute books for the purpose of reviewing whether a church qualifies for tax exempt status does not result in "excessive entanglement." As the district court observed, such an examination does not cross the line between legitimate examination of a church for enforcement purposes and unconstitutional interference with and ongoing regulation of the religious affairs of a church. "Requiring [the representative of a church] to comply with a properly narrowed summons in order to show its entitlement to tax exempt status results in only an incidental burden upon ... free exercise of religion." United States v. Holmes, 614 F.2d 985, 989 (5th Cir.1980); see also Walz v. Tax Commissioner, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970); United States v. Life Science Church of America, 636 F.2d 221, 222-23 (8th Cir.1980); United States v. Freedom Church, 613 F.2d at 320.
 
 
 27
 The Standard for Enforcement of the Summons
 
 
 28
 The Church asserts that the district court applied the wrong legal standard to determine whether the IRS made an adequate showing to compel production of the corporate minute books. The district court applied the legal standard for judicial enforcement of an IRS summons established in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and modified with regard to a summons directed to a church by the Fifth Circuit in United States v. Holmes, supra.
 
 
 29
 In Powell, the Supreme Court found that the IRS must make the following showing in order to obtain judicial enforcement of a summons:
 
 
 30
 that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already in the Commissioner's possession, and that the administrative steps required by the [Internal Revenue] Code have been followed ....
 
 
 31
 85 S.Ct. at 255. In Holmes, the Fifth Circuit found that section 7605(c) had "pruned back" the second prong of the Powell test for summonses directed to churches. 614 F.2d at 988. Holmes held that section 7605(c) requires a showing of "necessity" rather than mere "relevance" in the case of a summons directed to a church, because the statute requires that an examination of records be limited "to the extent necessary" to determine tax liability.
 
 
 32
 In the instant case, the district court determined that the "necessity" standard was met by the IRS. We review a district court's factual finding in a summons enforcement case under the clearly erroneous standard. United States v. Stuckey, 646 F.2d 1369, 1373 (9th Cir.1981); United States v. Goldman, 637 F.2d 664, 666 (9th Cir.1980). The district court's finding that examination of the Church's corporate minute books is necessary to make a determination of whether the Church still qualifies as a tax exempt religious organization was not clearly erroneous.
 
 
 33
 In light of the foregoing, we REVERSE the district court's order with respect to the Church's books of account, and we AFFIRM the district court order with respect to the Church's corporate minute books.
 
 
 34
 AFFIRMED in part and REVERSED in part.
 
 
 
 [1]
 The summons, issued on August 17, 1979, requested Coates to appear before an IRS agent and produce the following items:
 
 
 [1]
 All records pertaining to cash receipts and disbursements including but not limited to bank statements, deposit slips, cancelled checks, balance sheets and other financial statements of the Church of Reflection Inc. covering the years 1976, 1977 and 1978
 
 
 [2]
 All documents related to the organizational structure and history of the Church of Reflection Inc. including articles of organization, by-laws, charter, and all amendments thereto
 
 
 [3]
 All minutes of any meetings held by the officers, directors, trustees, or ministers of the Church of Reflection Inc. during the period of January 1, 1976 to December 31, 1978
 
 
 [4]
 Documents reflecting any sacerdotal functions performed by any person representing the Church of Reflection Inc. during the period of January 1, 1976 to December 31, 1978
 
 
 [5]
 All documents reflecting any prerequisites or actions necessary for membership in or ordination by the Church of Reflection Inc
 
 
 [6]
 All records reflecting the names and addresses of any and all employees, associates, directors, trustees, officers, and ministers of the Church of Reflection Inc. during the period of January 1, 1976 to December 31, 1978
 
 
 [2]
 Coates had voluntarily produced all other documents sought by the summons by this time
 
 
 [3]
 I.R.C. Sec. 7605(c) provides:
 No examination of the books of account of a church or convention or association of churches shall be made to determine whether such an organization may be engaged in the carrying on of an unrelated trade or business or may be otherwise engaged in activities which may be subject to tax under part III of subchapter F of chapter 1 of this title (sec. 511 and following, relating to taxation of business income of exempt organizations) unless the Secretary (such officer being no lower than a principal internal revenue officer for an internal revenue region) believes that such organization may be so engaged and so notifies the organization in advance of the examination. No examination of the religious activities of such an organization shall be made except to the extent necessary to determine whether such organization is a church or a convention or association of churches, and no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount of tax imposed by this title.
 
 
 [4]
 I.R.C. Sec. 511 provides, in part:
 (1) There is hereby imposed for each taxable year on the unrelated business taxable income ... of every organization described in paragraph (2) a tax computed as provided in section 11 ....
 (2)(A) The tax imposed by paragraph (1) shall apply in the case of any organization ... which is exempt ... from taxation under this subtitle by reason of section 501(a).
 
 
 [5]
 The Church bases its interpretation of section 7605(c) in part on statements made on the floor of the Senate by the author of this amendment, Senator Bennett of Utah. 115 Cong.Rec. 37,483 (1969). Although Bennett's statements appear to lend support to the Church's position, we believe that some of these statements represent a misunderstanding on Senator Bennett's part as to the then-existing powers of the IRS with respect to inspections of church records. In addition, "[t]he remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history." Chrysler Corp. v. Brown, 441 U.S. 281, 311, 99 S.Ct. 1705, 1722, 60 L.Ed.2d 208 (1979)
 
 
 [6]
 This interpretation is supported by U.S. v. Life Science Church of America, 636 F.2d 221 (8th Cir.1980), in which section 7605(c) is described as "expressly allow[ing] the finances of a church to be inspected for the purpose of a determination of the amount of tax the church may owe under the code." 636 F.2d at 222-23 (emphasis added)
 
 
 [7]
 Treasury Regulation 301.7605-1(c) (26 C.F.R. Sec. 301.7605-1(c)) parallels section 7605(c) and provides, in part,
 No examination of the books of account of an organization which claims to be a church ... shall be made ... except to the extent necessary (i) to determine the initial or continuing qualification of the organization under section 501(c)(3); (ii) to determine whether the organization qualifies as one, contributions to which are deductible ... ; (iii) to obtain information for the purpose of ascertaining or verifying payments made by the organization to another person ... ; or (iv) to determine the amount of tax, if any, imposed by the Code upon such organization ....
 This regulation clearly permits the examination of a church's books of account for purposes other than the determination of unrelated business income tax liability. Ordinarily great deference is given to Treasury Regulations as a guide to statutory construction. See Max Sobel Wholesale Liquors v. C.I.R., 630 F.2d 670, 672 (9th Cir.1980).