UNITED STATES of America and A. Jerome Simpson, Revenue Agent, Internal Revenue Service, Petitioners-Appellees,

v.

CHURCH OF WORLD PEACE and William Conklin, Respondents-Appellants.

No. 84–2200.

United States Court of Appeals,
Tenth Circuit.

Oct. 22, 1985.

Richard F. Thurston, Denver, Colo., for respondents-appellants.

Murray S. Horwitz, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn A. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, Washington, D.C., with him on brief, Robert N. Miller, U.S. Atty., Denver, Colo., of counsel), for petitioners-appellees.

Before HOLLOWAY, Chief Judge, SETH, Circuit Judge, and CROW, District Judge *.

SETH, Circuit Judge.

This is an appeal from an order of enforcement of an Internal Revenue Service summons whereby the IRS sought all the books, records and accounts of the Church of World Peace from November 10, 1977 through the date of the summons.

We are particularly concerned with the portion of the summons which asks for a list of members and names of persons for whom marriage ceremonies were performed. The affidavit of the Government to support the request recites that this

---

* Honorable Sam A. Crow, United States District Judge for the District of Kansas, sitting by designation.

"relates to a need to understand their function" and "is needed to help determine the organization's continued qualification for exemption under 26 U.S.C. § 501(c)(3)." The appellant by affidavits states that each church member known to the IRS has had his or her income tax return audited, and that the additional names are requested for that purpose. The Government does not challenge this statement. This is the extent of the facts in the record on this issue. Similar statements appear in appellant's brief and the Government does not comment thereon.

The trial court determined that the "summoned data may be relevant." The court thus used the standards of *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, applicable to a summons generally. This court has not decided whether limitations were placed on *Powell* by statute as to churches.

■ Ordinarily the affidavit of the IRS official as to the need and reasons for the data requested is treated as sufficient to make out a prima facie case to thereby place the burden on the challenger. This has to be the basic position. It is not necessary to review the authorities on this point as this has been done innumerable times. However, as to most general propositions, there are variations.

The appellant developed a factual basis for a First Amendment claim as described above, and advanced it in the trial court. We have considered two cases involving membership lists of organizations and First Amendment claims. These are *In re First National Bank, Englewood, Colorado*, 701 F.2d 115 (10th Cir.), and *Christian Echoes National Ministry, Inc. v. United States*, 470 F.2d 849 (10th Cir.). *See also NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488. In *First National Bank* we considered an enforcement order of a subpoena issued by a grand jury to a bank directing the production of "any and all records pertaining to the accounts" of a barter organization and a tax protester organization. The petitioners there asserted

that the release of membership identities would "chill" the rights of the members under the First Amendment.

We discussed standing in *First National Bank*. Reference was then made to *United States v. Citizens State Bank*, 612 F.2d 1091 (8th Cir.). Of this we said:

"In *Citizens State Bank*, the court held that the alleged infringement of First Amendment rights may warrant limiting enforcement of an Internal Revenue Service bank subpoena under facts substantially similar to those before us. The court concluded that when a party makes 'a prima facie showing of arguable First Amendment infringement ... the burden then [shifts] to the government to make the appropriate showing of need for the material.'"

In *First National Bank* we determined that the affidavits of petitioners "made a sufficient showing of a potential First Amendment violation to warrant an evidentiary hearing." We continued:

"The chilling effect of a summons served by an IRS agent to obtain membership records of a tax protester group has been said to be 'readily apparent.' *United States v. Grayson County State Bank*, 656 F.2d 1070, 1074 (5th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982). It is equally apparent that enforcement of a subpoena issued by the grand jury investigating the NCBA and NUTS may have the same or greater chilling effect on those organizations' members, as attested to by the affidavits."

■ In the case before us the affidavits of appellant are sufficient under *First National Bank* to shift the burden to the Government as to the request to identify the members. The Government did not meet its burden. *See Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15. The order of enforcement is set aside on First Amendment grounds as to this subject or category of the summons—that is membership lists of any kind and lists,

documents or correspondence showing the names of persons married by or in the church or who may have received other rites.

In *Christian Echoes National Ministry, Inc. v. United States,* 470 F.2d 849 (10th Cir.), the religious group asserted that the termination of its tax exempt status was the violation of First Amendment rights. The case was decided on that narrow issue. The opinion does describe the factors of political activity which can cause a loss of tax exempt status.

As stated, the trial court herein followed the standards of *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, as it pertains to a summons generally. There remains the question whether, in addition to the procedural requirements, the summons should be examined under a more restrictive standard when an examination of a church is the purpose, thus whether 26 U.S.C. § 7605(c) modified *Powell* as to churches. More particularly the question is whether the *Powell* relevancy measure should apply or some measure of necessity was imposed by § 7605(c). This court has not decided the question and other courts of appeal have not agreed.

The disagreement goes also as to whether the "extent necessary" language in § 7605(c) applies to but one aspect or purpose in an examination of a church, or to several interrelated aspects such as tax exempt status, the operation of an unrelated trade or business and tax liability generally.

Section 7605(c) has been changed substantially by 26 U.S.C. 7611 (Pub.L. No. 98–369, § 1033) which has supplanted it. This appeal arose under § 7605. In view of the changes it would serve no useful purpose to discuss at length the cases which have construed § 7605 as to the implications of the "extent necessary" language. The new provisions make it clear that the IRS examination of church records may only be made to the "extent necessary" to determine tax exempt status and the

amount, if any, of tax liability. 26 U.S.C. § 7605(c) provides in part:

"(c) *Restriction on examination of churches* —

. . . . .

(2) *Books of account.* No examination of the books of account of an organization which claims to be a church . . . shall be made except after the giving of notice as provided in this subparagraph and except to the extent necessary (i) to determine the initial or continuing qualification of the organization under section 501(c)(3); (ii) to determine whether the organization qualifies as one, contributions to which are deductible . . .; (iii) to obtain information for the purpose of ascertaining or verifying payments made by the organization to another person in determining the tax liability of the recipient, such as payments of salaries, wages, or other forms of compensation; or (iv) to determine the amount of tax, if any, imposed by the Code upon such organization. . . . In any examination of a church or convention or association of churches for the purpose of determining unrelated business income tax liability pursuant to such notice, no examination of the books of account of the organization shall be made except to the extent necessary to determine such liability."

It appears that § 7605(c) was enacted for the purpose of imposing limitations on the examination of churches by way of a stricter showing of the need for information sought by a summons, and also by requiring that an IRS official of a certain level make the determination. The IRS here presents an argument that, if accepted, would construe the section to place no restriction or limit on the showing required.

As mentioned, in our view the purpose of § 7605(c) was to place limits on the examination of churches or inquiries by the IRS. Also the section placed the "extent necessary" limitation on the investigation of income from unrelated trade or business and the determination of the tax exempt status.

We agree generally with the Eighth Circuit in *United States v. Life Science Church*, 636 F.2d 221 (8th Cir.), and the Fifth Circuit in *United States v. Holmes*, 614 F.2d 985 (5th Cir.), as to the scope of a summons under § 7605. The summons before us was all-inclusive as to the church records and accounts.

In *Holmes* the court said in part:

"The second prong· of the *Powell* test was pruned back by Congress in 1969, in regard to examination of churches, when it added subsection (c) to 26 U.S.C. § 7605. That provision limits the inquiry into the religious activities and books of account of churches 'to the extent necessary' to ensure that the organization is a church and to determine the amount of tax owing. The 'extent necessary' syntax is certainly more restrictive than the 'may be relevant' language in the second tier of *Powell*."

The court in *United States v. Life Science Church*, 636 F.2d 221 (8th Cir.), reached the same conclusion as the court did in *Holmes*. It considered a summons very similar to the one here concerned and concluded it asked for too much under § 7605(c). The courts in *United States v. Dykema*, 666 F.2d 1096 (7th Cir.), and *United States v. Coates*, 692 F.2d 629 (9th Cir.), concluded that § 7605 had placed no substantial restriction on the examination of churches. The analysis there used was basically the same that the IRS urges here which is that the duty to determine taxes due requires all records and books, accounting and otherwise, and this overrides the restrictions, other than procedural, in the section. But as mentioned this for all practical purposes nullifies the section or renders it without a purpose.

Thus we hold that a showing by the Government and a finding by the trial court as to the "extent necessary" language of § 7605(c) was required. This was not done.

The order of enforcement is set aside in its entirety.