**UNITED STATES of America and A. Jerome Simpson, Revenue Agent, Internal Revenue Service, Petitioners/Appellants, Cross–Appellees,**

v.

**CHURCH OF WORLD PEACE and William T. Conklin, Respondents/Appellees, Cross–Appellants.**

Nos. 86–1863, 86–1864.

United States Court of Appeals, Tenth Circuit.

July 6, 1989.

Robert N. Miller, U.S. Atty., Denver, Colo., Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart and Murray S. Horwitz, Attys., Tax Div., Dept. of Justice, Washington, D.C., for petitioners/appellants, cross-appellees.

Richard F. Thurston, Denver, Colo., for respondents/appellees, cross-appellants.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

### I.

This case involves an appeal and a cross-appeal from an order of the United States District Court for the District of Colorado, denying motions by the appellants, United States of America (hereinafter "United States" or "IRS") and Internal Revenue agent A. Jerome Simpson, and by the cross-appellants, Church of World Peace ("Church") and the Reverend William Conklin. The district court's denial of those motions was the culmination of a lengthy dispute, which originated with Agent Simpson's service of a summons on Reverend Conklin on April 4, 1984. The summons required the production of numerous books, records and papers of the Church.[1]

When Reverend Conklin failed to comply with the summons, the United States and Agent Simpson, in accordance with 26 U.S.C. §§ 7402(b) and 7604(a), filed a Petition to Enforce Internal Revenue Summons in the district court. The Petition asserted that the "statutory and procedural requirements of 26 U.S.C. § 7605 and Treasury Regulations § 301.7605–1(b) have been complied with...." The Petition further stated that "[t]he testimony and records sought in the summons are necessary to determine the tax liability of the Church of World Peace and to verify its right to tax exempt status by determining whether the Church of World Peace is engaging in activities incompatible with its tax exempt

---

**1.** Specifically, the summons sought the production of the following:

"books of accounts, bank records, bank statements, including cancelled checks, and records of receipts and disbursements with information indicating the source and nature of such receipts and purposes for the disbursements. All corresponding files, data and records relating to any and all assets owned or used by the Church ... and the manner in which such assets were acquired. Records regarding the nature and specific extent of all religious activities conducted by the Church to include but not limited to a list of all members of the Sacerdotal Order of the Church ... and the manner by which such members are selected. Records to indicate which members, if any, have taken a vow of poverty with records of all, if any, of the assets or income turned over or to be turned over to the Church. All records and information on the specific activities conducted by such members to the extent that such activities are attributed to the religious purpose or creed of the church. All records and information concerning any contracts and agreements entered into by the church with the Pastor, Reverend William Conklin. Documents and records related to the background of your ministers and trustees to include a precis of curriculum completed by the ordained ministers who are members of the church and the circumstances pertaining to their ordination."

R.Vol. I, tab 1, Ex. A.

status." R.Vol. I, tab 1 at 2, 3.[2]

Attached to the Petition was an affidavit of Agent Simpson, which explained more specifically why the various papers and documents sought in the summons were needed. Essentially, Agent Simpson averred that those papers and documents were needed to determine "the organization's continued qualification for exemption under 26 U.S.C. § 501(c)(3) and its classification as a church." *Id.* at 6. Additionally, Simpson's affidavit asserted that "[a]ccounting records and supporting documentation are requested for the purpose of examining any possible liability for Unrelated Business Income Tax under 26 U.S.C. §§ 511–514." *Id.* at 5.

After a hearing, and after considering the Petition and Agent Simpson's affidavit, as well as the Reply to the district court's Order to Show Cause filed by the Church and Reverend Conklin, along with accompanying materials, the district court entered its Final Judgment and Enforcement Order granting the Petition to Enforce Summons. After both the district court and this court denied a motion for a stay of enforcement of the summons, Reverend Conklin complied with the summons and turned over the requested documents.

On appeal of the order enforcing the summons, this court "set aside in its entirety" the order of enforcement. *United States v. Church of World Peace*, 775 F.2d 265, 268 (10th Cir.1985). We held that the United States failed to prove, and the district court failed to find, that the "extent necessary" language of 26 U.S.C. § 7605(c) had been satisfied.[3] On remand, the Church and Reverend Conklin filed a "Motion for Return of Records, Expunging of Files, and Prohibiting Use of Information Obtained from Records," seeking to have all records and copies thereof returned by the IRS, to have all information derived from those records expunged from the IRS' files, and seeking to prohibit the use of any such information by the IRS.

In response, the United States indicated that it had returned all original documents to the Church and Reverend Conklin, but had retained "copies of a limited portion of the originals." Response to Respondents' Motion, R.Vol. I, tab 13 at 2. It sought "the opportunity to address the 'extent necessary' language of Section 7605(c) and have the summons enforced ..." *Id.* Attached to the Response was an affidavit of Revenue Agent Ronald Cunningham, who replaced Agent Simpson in the investigation of the Church. The IRS asserts that the affidavit "meticulously satisfies the burden of the 'extent necessary' language of Section 7605(c) by explaining in detail the necessity of each of the categories of documents sought in the original summons ..." *Id.* at 3. The IRS sought enforcement of the summons "only to the extent of the copied documents now in its possession." *Id.*[4] The district court denied both motions, from which denials all parties appeal.

---

**2.** Although the original summons requested "testimony," the United States and Agent Simpson no longer seek to have Reverend Conklin testify. Accordingly, only the production of records remains at issue.

**3.** 26 U.S.C. § 7605(c) provided in pertinent part:
"(c) *Restriction on examination of churches* —No examination of the books of account of an organization which claims to be a church ... shall be made except after the giving of notice as provided in this subparagraph and except to the extent necessary (i) to determine the initial or continuing qualification of the organization under section 501(c)(3); (ii) to determine whether the organization qualifies as one, contributions to which are deductible ...; (iii) to obtain information for the purpose of ascertaining or verifying payments made by the organization to another person in determining the tax liability of the recipi-

ent, such as payments of salaries, wages, or other forms of compensation; or (iv) to determine the amount of tax, if any, imposed by the Code upon such organization.... In any examination of a church or convention or association of churches for the purpose of determining unrelated business income tax liability pursuant to such notice, no examination of the books of account of the organization shall be made except to the extent necessary to determine such liability."
Section 7605 has been superseded by 26 U.S.C. § 7611, which also places various restrictions on church tax inquiries and investigations. The parties apparently agree that section 7611 does not apply to this case.

**4.** It is unclear from the IRS' Response whether it believed it satisfied the "extent necessary" language vis-a-vis the *original* summons, or merely vis-a-vis the smaller group of documents

## II. ·

The United States argues that, because the Church and Reverend Conklin have complied with the summons "as narrowed," the question of the enforceability of the summons is moot. Alternatively, the United States argues that the district court erred in refusing to enforce the "narrowed" summons and in failing to rule that the United States had satisfied the "extent necessary" language of section 7605(c) with respect thereto. The Church and Reverend Conklin argue that, while the United States' appeal may indeed be moot because it already has obtained the relief sought in its "narrowed" summons, the Church's and Reverend Conklin's appeals are not moot because they still seek to have all copies of documents returned and all information gleaned from those documents expunged from the IRS files.[5] They further argue that the district court did not err when it denied summary enforcement of the summons, but that it did err in refusing to order the return of all copies of documents in the IRS' possession, the expunging of information from the IRS files, and the suppression of the use of any information obtained from the summons. To this last argument, the United States responds that it is premature to seek suppression of the information prior to the attempted use of that information by the United States.

We agree with the United States that the appeals in this case are moot. While we note that our earlier opinion in this case did not address the issue, most courts hold that compliance with an IRS summons renders any appeal of a district court enforcement order moot. *See, e.g., United States v. Orlowski*, 808 F.2d 1283, 1287 (8th Cir.

1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3210, 96 L.Ed.2d 697 (1987); *United States v. Sherlock*, 756 F.2d 1145, 1147 (5th Cir. 1985); *United States v. Porter*, 711 F.2d 1397, 1400 (7th Cir.1983); *United States v. Trails End Motel, Inc.*, 657 F.2d 1169, 1170–71 (10th Cir.1981) (per curiam); *United States v. Arthur Andersen & Co.*, 623 F.2d 720, 725 (1st Cir.), *cert. denied*, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980); *United States v. Deak–Perera Int'l Banking Corp.*, 610 F.2d 89 (2d Cir.1979); *but see Gluck v. United States*, 771 F.2d 750, 754 (3d Cir.1985) ("the surrendering of the documents to the IRS does not end the controversy between the parties because, if we find that the summons were illegal, we can still fashion a remedy—prohibition of the use of the summoned documents—to afford [the taxpayer] effective relief."). As we recognized in *Trails End Motel*, taxpayers who have complied with a summons "may adequately protect their asserted interest by challenging the IRS procedure if and when the government attempts to make further use of the information obtained by the summonses." *Trails End Motel*, 657 F.2d at 1170; *see also United States v. Kis*, 658 F.2d 526, 533 (7th Cir. 1981) (noting the "well-established rule that questions of suppression should not be considered until the time when the Government seeks to use that evidence."), *cert. denied sub nom, Salkin v. United States*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). While the Church and Reverend Conklin assert in their brief that "[t]he government is using the information [gained from the summons] to harass persons affiliated with the Church as well as in the continuing audit of the Church," their mere allegation is insufficient to establish a current case or controversy concerning suppression of the information obtained by the summons.[6]

---

in its possession. It *is* clear, however, that the IRS sought enforcement of the summons only to the extent of the documents it retained.

5. The Church and Reverend Conklin assert that "[t]he government is using the information to harass persons affiliated with the Church as well as in the continuing audit of the Church." Brief for the Appellees–Cross–Appellants at 2.

6. In addition to the allegation in the brief of the Church and Reverend Conklin, the record contains those parties' Motion for Order for Return of Records, etc., which makes the same allegation that the IRS is in fact using the information obtained from the summons to audit and "harass" persons and entities associated with the Church.

We recognize that this case differs slightly from cases cited above involving the mootness of appeals from district court enforcement orders. In this case, there has already been an appeal of the district court enforcement order, in which this court did not find the appeal moot, but instead set aside the enforcement order.[7] Nonetheless, the question in this appeal relates to the enforceability of the summons as narrowed by the IRS to include only certain of the documents originally sought. It is undisputed that the Church and Reverend Conklin have complied with that narrowed summons. Thus, the rule regarding the mootness of an appeal regarding a summons with which the taxpayer has complied applies.

For the foregoing reasons, the appeal of the United States and Agent Simpson is dismissed as moot. The cross-appeal of the Church and Reverend Conklin is also dismissed as moot, without prejudice to their right to file a timely suppression motion at such time as the United States seeks to use the information obtained by means of the summons.

---

7. Despite the failure of the previous panel opinion to find the appeal moot, it does appear that the mootness rule was established in this circuit. *See Trails End Motel,* 657 F.2d 1169.