946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mahonri FABER, Petitioner-Appellant,
v.
UNITED STATES of America; Mary Anne Thorum, Revenue
Officer; Internal Revenue Service; Zions First
National Bank, Respondents-Appellees.
 No. 90-4193.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before McKAY, Chief Judge, and EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from a district court order enforcing a third-party summons issued by the Internal Revenue Service (IRS), pursuant to 26 U.S.C. § 7602 (1989), during the course of an investigation of the tax liability of petitioner, Mahonri Faber, for the taxable years 1984 through 1989. The summons required petitioner's bank to produce certain financial records and documents pertaining to Mahonri Faber, Carolee B. Faber, and Faber Construction Co.
 
 
 3
 Petitioner filed his petition to quash the summons and requested an injunction to prevent release of the documents by the bank. The magistrate judge recommended denial of the injunction. A hearing was set on the government's motion to enforce the summons. Petitioner did not appear for the hearing. The magistrate judge recommended that the summons be enforced. The district court affirmed and ordered petitioner's bank to produce the summoned information. Petitioner then filed his notice of appeal but did not request a stay of the district court's order enforcing the IRS summons.
 
 
 4
 In its motion to dismiss the appeal as moot, the government advises that the documents sought in the summons have been provided to the IRS and that petitioner's bank has complied fully with the district court's enforcement order.
 
 
 5
 We agree with the United States that the appeal in this case is moot. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.... This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, ----, 110 S.Ct. 1249, 1253 (1990). A personal stake in the result of the lawsuit must be maintained by each of the parties. 110 S.Ct. at 1254. In this proceeding to obtain information, the bank's compliance with the district court's enforcement order extinguished whatever case or controversy existed between petitioner and the IRS. United States v. Trails End Motel, Inc., 657 F.2d 1169, 1170 (10th Cir.1981) (per curiam).
 
 
 6
 Petitioner "may adequately protect [his] asserted interest by challenging the IRS procedure if and when the government attempts to make further use of the information obtained by the summons[ ]." Id. Petitioner's remedy is to file a timely suppression motion at such time as the United States seeks to use the information obtained by means of the summons. United States v. Church of World Peace, 878 F.2d 1281, 1284 (10th Cir.1989); see also Donaldson v. United States, 400 U.S. 517, 531 (1971) (if taxpayer has "a protectable interest, as, for example, by way of privilege, or to the extent he may claim abuse of process, [he] may always assert that interest or that claim in due course ... in any subsequent trial").
 
 
 7
 For the foregoing reasons, the appeal is DISMISSED as moot. The cause is REMANDED to the district court with instructions to dismiss the petition. Great W. Sugar Co. v. Nelson, 442 U.S. 92, 93-94 (1979) (per curiam); United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3