CHURCH OF WORLD PEACE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Church of World Peace, Inc. v. Commissioner
Docket No. 27306-90X
United States Tax Court
T.C. Memo 1992-318; 1992 Tax Ct. Memo LEXIS 338; 63 T.C.M. (CCH) 3096; June 4, 1992, Filed *338 An appropriate order will be issued. William T. Conklin, an officer, for petitioner. Virginia L. Draper, for respondent. FAY
FAY
MEMORANDUM OPINION FAY, Judge: In a final adverse ruling, respondent revoked petitioner's exemption from Federal income tax under section 501(a) [1] as an organization described in section 501(c)(3). Petitioner challenged respondent's determination and has invoked the jurisdiction of this Court for a declaratory judgment pursuant to section 7428. [2] This matter, however, is before this Court solely on petitioner's following two motions: (1) Motion to Suppress the Administrative Record Obtained as a Result of the Quashed Summons filed on February 19, 1991, and (2) Motion to Suppress All Information in the Administrative Record Obtained by First and Third Party Summons filed on October 16, 1991. For reasons discussed below, both these motions will be denied. *339 Petitioner was located at Denver, Colorado, at the time the petition was filed. A hearing was held on February 7, 1992, in Denver, Colorado, on petitioner's two above-referenced motions. Background
Petitioner was incorporated in 1977 as a nonprofit corporation under the laws of the State of Colorado. During 1978, petitioner applied for and was granted tax-exempt status under section 501(c)(3). On January 3, 1981, respondent sent petitioner an examination letter advising petitioner that respondent planned to conduct an examination of petitioner under sections 7602 and 7605(c). On April 4, 1984, respondent served a summons on petitioner, requesting all books, records, and papers of petitioner, in the following categories: 1. Organizational documents and by-laws. 2. Books of accounts, bank records, bank statements, including canceled checks, and records of receipts and disbursements with information indicating the source and nature of such receipts and purposes for the disbursements. 3. All corresponding files, data, and records relating to any and all assets owned or used by the Church of World Peace and the manner in which such assets were acquired. 4. Records regarding *340 the nature and specific extent of all religious activities conducted by the Church including but not limited to a list of all members of the Sacerdotal Order of the Church of World Peace and the manner by which such members are selected. 5. Records to indicate which members, if any, have taken a vow of poverty with records of all, if any, of the assets or income turned over or to be turned over to the Church. All records and information on the specific activities conducted by such members to the extent that such activities are attributed to the religious purpose or creed of the church. 6. All records and information concerning any contracts and agreements entered into by the church with its Pastor, Reverend William Conklin. 7. Documents and records related to the background of petitioner's ministers and trustees to include a precis of curriculum completed by the ordained ministers who are members of the church and the circumstances pertaining to their ordination. When petitioner refused to comply with the summons, respondent brought suit in the District Court to enforce the summons under sections 7402(b) and 7604(a). Respondent argued that the testimony and records sought *341 in the summons were necessary to determine the tax liability of petitioner and to verify petitioner's right to continued tax-exempt status. After a hearing, the United States District Court for the District of Colorado ordered enforcement of the summons. Petitioner's requests for stays of enforcement were denied by both the Tenth Circuit Court of Appeals and the District Court. Petitioner turned over to respondent the requested documents in September of 1984. Subsequently, the Court of Appeals for the Tenth Circuit set aside the District Court's order of enforcement of the summons in its entirety based on First Amendment and statutory grounds. See United States v. Church of World Peace, 775 F.2d 265 (10th Cir. 1985). The order of enforcement was set aside by the Tenth Circuit on First Amendment grounds because of the category of requested information relating to "membership lists of any kind and lists, documents or correspondence showing the names of persons married by or in the church or who may have received other rites." United States v. Church of World Peace, supra at 266-267. In addition, the Tenth Circuit held that the District *342 Court's order of enforcement was invalid because the United States failed to prove, and the District Court failed to find, that the "extent necessary" language of section 7605(c) [3] had been satisfied. *343 On remand, petitioner filed with the District Court a Motion for Return of Records, Expunging of Files, and Prohibiting Use of Information Obtained from Records. In this motion, petitioner sought to have all records and copies thereof returned by respondent, to have all information derived from those records expunged from respondent's files, and to prohibit the use of any such information by respondent. Respondent, in response, indicated that respondent already had returned all original documents to the Church but had retained copies of a limited portion of the originals which respondent believed were necessary to the examination of petitioner's tax-exempt status and to determine any possible tax liability petitioner may have incurred. Respondent sought the opportunity in the District Court to address the "extent necessary" language of section 7605(c) and to have the summons enforced only as to the extent of the copied documents in respondent's possession. The District Court denied petitioner's motion, and an appeal followed. The Tenth Circuit Court of Appeals dismissed petitioner's appeal "without prejudice to their right to file a timely suppression motion at such time as *344 the United States seeks to use the information obtained by means of the summons." United States v. Church of World Peace, 878 F.2d 1281, 1285 (10th Cir. 1989). Respondent is now seeking in this proceeding to use the limited portion of the information obtained by means of the summons. [4]
Motion to Suppress the Administrative Record Obtained as a Result of the Quashed Summons
Petitioner in its motion essentially argues that, because the summons dated April 4, 1984, was quashed by the Tenth Circuit, the evidence obtained by respondent pursuant to such summons is illegal and should be suppressed. This Court has the authority to consider questions of admissibility of evidence, including *345 the determination of whether to employ the exclusionary rule to suppress otherwise admissible evidence. Vallone v. Commissioner, 88 T.C. 794, 806 (1987). The exclusionary rule is the result of an effort on the part of the judiciary to ensure that constitutional limitations on law enforcement are safeguarded. United States v. Leon, 468 U.S. 897 (1984). Exclusion of evidence has been generally used in criminal cases to prevent the use of illegally obtained evidence. Wong Sun v. United States, 371 U.S. 471, 485 (1963). Courts have been reluctant to apply the exclusionary rule in civil cases. Jones v. Commissioner, 97 T.C. 7, 21-22 (1991). Determining the appropriateness of exclusion requires "weighing the likely social benefits * * * against the likely costs". INS v. Lopez-Mendoza, 468 U.S. 1032, 1041 (1984). Initially, we note that the language of the April 4, 1984, summons tracked the language of the summons approved by the court in United States v. Freedom Church, 613 F.2d 316 (1st Cir. 1979), modified to eliminate any request for the disclosure of the *346 identities of all members of the church although continuing to include a request for the names of those who carried out sacerdotal functions. [5] Also, as of the date of the issuance of the summons and the date of the District Court summons enforcement order, the Tenth Circuit had not resolved whether the standard of "to the extent necessary" of section 7605(c), regarding church audits, was more restrictive than the "may be relevant" standard in connection with summons enforcement actions. See United States v. Powell, 379 U.S. 48 (1964). The Tenth Circuit even prefaced its opinion by stating: "More particularly the question is whether the Powell relevancy measure should apply or some measure of necessity was imposed by § 7605(c). This court has not decided the question and other courts of appeal have not agreed." United States v. Church of World Peace, 775 F.2d 265, 267 (10th Cir. 1985). Based on the above, and on other evidence in the record, we conclude that the April 4, 1984, summons, although ultimately not enforced, was arguably valid at the time it was served. Furthermore, there is no evidence in this case from which we can conclude *347 that respondent's agents acted in bad faith. *348 Since respondent acted in good faith based on an arguably valid summons, we conclude that exclusion of evidence would provide minimal or no social benefits whatsoever while imposing a substantial cost to the tax administration system. INS v. Lopez-Mendoza, 468 U.S. 1032 (1984). Thus, suppression is not warranted here due to "factors of remoteness and unsuitability of the sanction as it relates to the violation of the rights and the use of the fruits of such violation." Jones v. Commissioner, 97 T.C. 7, 27 (1991). In Jones v. Commissioner, supra, this Court refused to apply the exclusionary rule in a case which involved an alleged violation of petitioner's constitutional rights (and arguably bad faith) related to conduct of Internal Revenue Service agents. The case before us presents a more emphatic situation for refusal to extend the exclusionary rule. In addition, we conclude that the good faith exception to the exclusionary rule enunciated in United States v. Leon, 468 U.S. 897 (1984), is dispositive of the issue before us. In Leon, the Supreme Court held that the exclusionary rule should *349 not be applied in a situation where officers acted in reasonable reliance on a search warrant issued by a detached and neutral magistrate even though the warrant was ultimately found to be invalid. Here, respondent obtained the documents at issue under the authority of an order of the United States District Court for the District of Colorado, after requests for stays of enforcement were denied both by the District Court and by the Court of Appeals for the Tenth Circuit. The District Court order was valid when it was entered, and respondent was entitled to reasonably rely on such order. Because respondent acted in good faith reliance on an arguably valid summons and a facially valid enforcement order, exclusion of evidence is not warranted. United States v. Leon, supra.
Motion to Suppress All Information in the Administrative Record Obtained by First and Third Party Summons
Petitioner next argues that this Court should suppress relevant parts of the administrative record because copies of certain summonses served on petitioner and other third party recordkeepers were not attested copies as required by section 7603. [6] In support of its motion, petitioner *350 relies exclusively on the District Court holding in Mimick v. United States, 67 AFTR 2d 91-629, 91-1 USTC par. 50,070 (D. Neb. 1991), revd. and remanded 952 F.2d 230 (8th Cir. 1991). The District Court in Mimick refused to enforce the summonses issued by the Internal Revenue Service because those summonses were not "attested *351 copies" within the context of section 7603. The District Court defined an "attested copy" of a document as one which has been examined and compared with the original and which bears a certificate or memorandum of its correctness, signed by the persons who examined the copy. Petitioner here alleges that the copies of the summonses served on the taxpayer and the third-party recordkeepers did not include a written notation certifying that they were accurate copies of the originals. Respondent does not contest this. On appeal, [7] the Eighth Circuit adopted the definition of "attested copy" used by the lower court but reversed on the denial of enforcement of the summonses stating: "we believe denial of the summons would be an elevation of form over substance." Mimick v. United States, 952 F.2d 230, 232 (8th Cir. 1991). Instead, the Eighth Circuit adopted the approach to summons enforcement of the Fifth Circuit in United States v. Payne, 648 F.2d 361 (5th Cir. 1981), which directs the court to evaluate the seriousness of the violation under all the circumstances, including the Government's good faith and degree of harm imposed by the unlawful *352 conduct. At the hearing in this case, respondent presented unrefuted evidence showing respondent's good faith in preparing and serving the summonses at issue. In preparing these summonses, respondent's agents verified that all copies of the summonses served were identical. Respondent's agents testified that they followed all the procedures for service of summonses, as directed by the Internal Revenue Manual, and that nothing in such manual required a written notation of attestation on the copies of the summonses. We find respondent's agents' testimony credible and reliable. In addition, petitioner did not show that there was any harm which resulted from the failure of the summonses to be more formally *353 attested or indeed that the copies served were not identical to the originals. At the outset, we note that we are faced with a Motion to Suppress Evidence, based on alleged improper attestation, not a summons enforcement proceeding. [8] In deciding whether to grant or deny petitioner's Motion to Suppress, we first must ascertain if there has been any constitutional or statutory violation of petitioner's rights. We discern no such violation. Petitioner's reliance on the District Court's opinion in Mimick is misplaced. Such opinion, reversed on appeal, is not controlling on this Court. Moreover, even if we employed the good faith test adopted by the Eighth Circuit, we conclude that petitioner failed to present any evidence that would support a finding that respondent did not act in good faith or that petitioner was prejudiced in any way by respondent's conduct. Therefore, petitioner's Motion to Suppress All Information in the Administrative Record Obtained by First and Third Party Summons lacks merit and will therefore be denied. [9]
*354 An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue unless otherwise indicated. ↩
2. Sec. 7428 specifically confers jurisdiction on this Court to make a declaration with respect to the continuing qualification of certain tax-exempt organizations.↩
3. Sec. 7605(c) provided: (c) Restriction on Examination of Churches↩. -- No examination of the books of account of a church or convention or association of churches shall be made to determine whether such organization may be engaged in the carrying on of an unrelated trade or business or may be otherwise engaged in activities which may be subject to tax under part III of subchapter F of chapter 1 of this title (sec. 511 and following, relating to taxation of business income of exempt organizations) unless the Secretary (such officer being no lower than a principal internal revenue officer for an internal revenue region) believes that such organization may be so engaged and so notifies the organization in advance of the examination. No examination of the religious activities of such an organization shall be made except to the extent necessary to determine whether such organization is a church or a convention or association of churches, and no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount of tax imposed by this title.
4. The documents turned over pursuant to the summons at issue before this Court are contained in the administrative record, Exhibits 95-CQ through 360-MV. Pursuant to an order of this Court, however, the parties stipulated that Exhibits 115-DK, 116-DL, 121-DQ, 124-DT, 346-MH, 347-MI, and 352-MN are not at issue.↩
5. The language of the summons approved in United States v. Freedom Church, 613 F.2d 316, 318 n.4 (1st Cir. 1979), is as follows: All books, records, and papers of The Freedom Church including but not limited to Organizational documents and by-laws; books of accounts, bank records, bank statements, including cancelled checks, and records of receipts and disbursements with information indicating the source and nature of such receipts and purposes for the disbursements. All correspondence files, data and lists of substantial contributors to the church and records relating to any and all assets owned or used by the Freedom Church and the manner in which such assets were acquired. Records regarding the nature and specific extent of all religious activities conducted by the Church to include but not limited to a list of all members of the congregation and members of the Sacerdotal Order of the Freedom Church and the manner by which such members are selected. Records to indicate which members, if any, have taken a vow of poverty with records of all, if any, of the assets or income turned over or to be turned over to the Church. All records and information on the specific activities conducted by such members to the extent that such activities are attributed to the religious purpose or creed of the church. Correspondence files which will explain the relationship, if any, between the Freedom Church, The Council of Free Churches, Life Science Church and Bishop William E. Drexer, D.D. All records and information concerning any contracts and agreements entered into by the church with its Pastor, Reverend Doncaster. Documents and records related to the background of your ministers and trustees to include a precis of curriculum completed by the ordained ministers who are members of the church and the circumstances pertaining to their ordination.↩
6. Sec. 7603 provides: A summons issued under section 6420(e)(2), 6421(f)(2), 6427(i)(2), or 7602 shall be served by the Secretary, by an attested copy↩ delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty. [Emphasis added.]
7. At the time petitioner filed its Motion to Suppress based on alleged improper attestation (Oct. 16, 1991), the Eighth Circuit had not reversed the District Court's opinion. The Eighth Circuit Court of Appeals reversed the District Court's opinion on Dec. 26, 1991, prior to the hearing in this matter on Feb. 7, 1992.↩
8. Respondent argues that petitioner waived the right to contest the issue of attestation under sec. 7603 because petitioner failed to properly raise this issue during the summons enforcement proceeding provided by sec. 7604. We agree and hold this to be an alternate ground for denying petitioner's Motion to Suppress. See United States v. Payne, 648 F.2d 361↩ (5th Cir. 1981). 9. We also note that our consideration in this matter is limited to the two motions to suppress before us. As such, we express no opinion as to the proper definition of "attested copy" within the context of sec. 7603.↩