52 F.3d 337
 75 A.F.T.R.2d 95-2082, 95-1 USTC P 50,219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CHURCH OF WORLD PEACE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-9010.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA, HENRY, and ALARCON,[2] Circuit Judges.
 
 
 2
 The Church of World Peace, Inc. (Church) appeals the decision of the tax court revoking the Church's tax-exempt status pursuant to 26 U.S.C. 501. We have jurisdiction pursuant to 26 U.S.C. 7482(a) and affirm the decision of the tax court. Because the background of this litigation is complex and well-known to the parties, we discuss only the relevant facts in this Order and Judgment.
 
 
 3
 The Church is a nontraditional organization that was incorporated in Colorado in 1977 and granted tax-exempt status in 1978. In the early 1980's, the Church advertised that for a "$10.00 donation," one could "become a legally ordained minister" in the Church. Brief of Appellant at 25 (Church of World Peace, Inc., v. Commissioner of Internal Revenue, No. 27306-90X (February 28, 1994)). The Church also offered the "Rent-A-Bishop" program--a "spiritual alternative to the singing telegram." Id. at 32. During the 1980's, the government and the Church became involved in a dispute regarding whether the Church properly qualified for tax-exempt treatment.
 
 
 4
 During the course of its investigation, the government obtained an order from the United States District Court for the District of Colorado. The order required the Church to produce records, including a list of Church members. The Church complied, and then appealed to this court. We held that the district court order violated the First Amendment and that the documents at issue were not necessary to determine whether the Church had any tax liability. United States v. Church of World Peace, 775 F.2d 265, 266 (10th Cir.1985). Instead of simply returning the documents, however, the government made copies of some of the originals. United States v. Church of World Peace, 878 F.2d 1281, 1283 (10th Cir.1989). We did not take action at that time, but said we would reconsider the government action if the government attempted to use any of the improperly retained information in a subsequent suit. Id. at 1284.
 
 
 5
 In this case, among other findings of fact, the tax court found that the Church had used its tax-exempt status to create a circular tax-avoidance scheme. Brief of Appellant at 33-37. The tax court found that individuals made tax-deductible charitable donations to the Church. The Church then returned the money to the individuals in the form of tax-free 26 U.S.C. 107 "housing allowances" and also reimbursed the individuals for "Church expenses" that were in fact unrelated to Church operations. The tax court also found that the Church emphasized tax advice in connection with this tax-avoidance scheme. Ultimately, the tax court held that the Church did not comply with 501(c)(3) because the Church did not operate exclusively for religious purposes. On appeal, the Church argues that the evidence was insufficient for the tax court to remove the exemption and that the government improperly relied upon information that this court had ordered the government to return to the Church.
 
 
 6
 We review the tax court's decision that an organization failed to establish that it was operated for tax-exempt purposes for clear error. Living Faith, Inc. v. Commissioner, 950 F.2d 365, 371-72 (7th Cir.1991). After reviewing the record, we hold that the tax court did not err in concluding that the Church was not operated exclusively for religious purposes.
 
 
 7
 The Church also argues that the tax court relied upon documents that this court ordered the government to return to the Church in United States v. Church of World Peace, 775 F.2d 265 (10th Cir.1985). However, we do not reach this issue because the tax court stated that it would have reached the same conclusion even without the information from the disputed documents. Brief of Appellant at 46.[3] In addition, the Church has not specifically alleged that any information upon which the tax court relied was derived from the disputed documents.
 
 
 8
 For the reasons stated above, the decision of the tax court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Honorable Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [3]
 The government also argues that the good faith exception to the exclusionary rule adopted in United States v. Leon, 468 U.S. 897 (1984), should apply because the government acted pursuant to a district court order. Because the tax court did not rely upon the contested documents in its decision, we need not reach this argument